UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 502, TRUSTEES OF THE CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS, TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 502, and TRUSTEES OF THE CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 502, | ) ) ) ) ) ) ) ) | |
| and | ) ) | |
| TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 803, TRUSTEES OF THE CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 803; and TRUSTEES OF THE CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 803, | ) ) ) ) ) ) ) ) ) | 09 C 2857 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| EVANS CONSTRUCTION/CONSULTING LLC, EVANS CONSTRUCTION SERVICES (1555 South Wabash Project) LLC, EVANS CONSTRUCTION SERVICES (10 East Delaware Project), LLC, EVANS CONSTRUCTION SERVICE (110 West Superior Project), LLC and EVANS CONSTRUCTION SERVICES (303 West Ohio Project), LLC, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on a motion to dismiss the Plaintiff Trustees of the Cement Masons Pension Fund, Local 502 and Local 803 ("Trustees")'s complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. For the following reasons, the motion is denied.

## BACKGROUND

In a separate case filed on September 30, 2008, the Trustees sued Millennium Concrete Construction, LLC ("Millennium"), which resulted in a $333,646.01 default judgment before Judge Ronald Guzman in the Northern District of Illinois against Millennium for unpaid benefits and liquidated damages for violating the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132 ("ERISA") and the National Labor Relations Act, 29 U.S.C. § 185(a).

On May 11, 2009, the Trustees filed the instant action against a group of defendants referred to as the Evans Defendants.[1] The May 11 complaint repeats many of the allegations made against Millennium in the case before Judge Guzman. However, Millennium is not named as a defendant in this case. Instead, the Trustees allege that the Evans Defendants are the alter ego of Millennium.

---

[1]The group consists of Evans Construction/Consulting, LLC, Evans Construction Services (1555 South Wabash Project), LLC, Evans Construction Services (10 East Delaware Project), LLC, Evans Construction Services (110 West Superior Project), LLC, Evans Construction Services (303 West Ohio Project), LLC.

In the present action, the Trustees seek to hold the Evans Defendants liable for the $333,646.01 judgment arising out of Millennium's failure to make payments to the multiemployer ERISA pension funds. The Evans Defendants now challenge that subject matter jurisdiction. They argue in favor of dismissal on the basis that the complaint imposes a judgment on them, yet fails to raise an ERISA violation or any other independent federal question.

**LEGAL STANDARD**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) requests that the court dismiss an action for lacking subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In re Chicago*, 794 F.2d 1182, 1188 (7th Cir. 1986). The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *See Kontos v. U.S. Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). When reviewing a motion to dismiss under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekial v. Michel*, 66 F.3d 894, 897 (7th Cir. 1999).

**DISCUSSION**

The Evans Defendants move to dismiss the Trustees' complaint based on their perception that it fails to establish an independent federal question. Asserting that the Trustees merely seek to hold them liable for the judgment entered against Millennium,

the thrust of the Evans Defendants' argument relies on a Supreme Court case precluding ERISA jurisdiction and ancillary jurisdiction over suits to enforce previously obtained ERISA judgments. *Peacock v. Thomas*, 516 U.S. 349, 353, 116 S.Ct. 862, 866 (1996).

After *Peacock*, however, the Seventh Circuit created a situation permitting a plaintiff in the second suit to allege that an alter ego of the original defendant is directly liable for the ERISA violation, giving a federal court jurisdiction over the second suit. *Bd. of Trs., Sheet Metal Workers Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1038 (7th Cir. 2000). More specifically, the exception arose out of the distinction between piercing the corporate veil and the alter ego theory. The *Peacock* court rejected the "piercing the corporate veil" argument because it requires the use of state law and asks a court to hold A vicariously liable for B's debt. *Id.* Liability under ERISA is federal, so by asserting that A is B's alter ego, a plaintiff suggests that A and B are the same entity making liability direct and not vicarious. *Id.*

To properly plead federal jurisdiction in a second suit, a plaintiff must allege that the defendant is the alter ego of the original defendant. The factors a court must consider in deciding whether a plaintiff has properly pled an alter ego claim under ERISA are the following: (1) amount of respect given to a separate identity of corporation by its shareholders; (2) fraudulent intent of incorporators; and (3) degree of injustice visited on litigants by respecting the corporate entity. *Cent. States,*

*Southeast & Southwest Areas Pension Fund v. Cent. Transp., Inc.*, 85 F.3d 1282, 1287 (7th Cir. 1996). In their complaint, the Trustees have alleged that Millennium is a subcontractor to the Evans Defendants and it maintains offices rent free in the same location. Contending that the Evans Defendants have no respect for Millennium's shareholders, the Trustees allege that Millennium has only one officer and shareholder, fails to hold meetings for either its board of directors or its shareholders, is undercapitalized, and does not keep corporate minutes. The Trustees also claim that the Evans Defendants have direct control over Millennium's financial operations, establishing an alleged fraudulent intent. As it is presently pled, the Trustees have appeared to satisfy the pleading requirements illustrating that the Evans Defendants are the alter ego of Millennium.

In their reply brief, the Evans Defendants argue that the Trustees have the burden of establishing the jurisdictional requirements for purposes of a Rule 12(b)(1) motion. However, they have not alleged any material contradicting the factual allegations contained in the Trustees' complaint. Since the complaint is formally sufficient in pleading that the Evans Defendants are the alter ego of Millennium, and the defendants have not created a factual dispute based on the pleadings, we accept the Trustees' allegations as true for purposes of this motion and deny it accordingly.

## CONCLUSION

Based on the aforementioned, the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction is denied.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated:   August 12, 2009